## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IRENE THOMAS
            Plaintiff

     vs.

UNITED ELECTRICAL, RADIO and
MACHINE WORKERS OF AMERICA;
CARL ROSEN, Individually, ANDREW
DINKELAKER, Individually, EUGENE
ELK, Individually and the United States of
America, Defendants
            Defendants

No. 1:22-mc-13-SPB

## JOINT MOTION TO APPROVE SETTLMENT

Plaintiff, IRENE THOMAS, *pro se* ("**Thomas**") and Defendants, UNITED

ELECTRICAL RADIO, and MACHINE WORKERS OF AMERICA (the "**UE**"), CARL

ROSEN, ANDREW DINKELAKER, and EUGENE ELK (collectively the "**UE Officers**")

by their attorneys Melvin L. Vatz, Esquire and Howard M. Louik, Esquire file this Joint

Motion to Approve Settlement and in support thereof sets forth as follows.

1. On April 20, 2021, Thomas filed a complaint against the UE and UE Officers in the

   United States District Court for the Western District of Pennsylvania at No. 2:21-CV-

   528-MPK, that was subsequently amended December 14, 2021.

2. The amended complaint alleges various causes of action against UE and the UE

   Officers including claims of racial discrimination and retaliation under 42 U.S.C.

   §1981 (**§1981**) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq

   (as amended by the Civil Rights Act of 1991 at 42 U.S.C. § 1981) (**Title VII**);

3. In her amended complaint, Thomas alleges that she suffered severe emotional distress, mental anguish, anxiety, humiliation, panic attacks and physical manifestation of these issues as the result of defendants' conduct requiring counseling with a therapist. (Amended Complaint, ¶s 51, 66).

4. The evidence of record exchanged during discovery includes the treatment records of Ms. Thomas' PCP and therapist which document and support the allegations of the Amended Complaint concerning both her emotional and physical injuries.

5. On February 24, 2022, the parties reached a settlement of the claims among them at a mediation required under the mandatory dispute resolution procedures of this Court.

6. Effective as of April 25, 2022, the parties entered into a Confidential Settlement Agreement and Mutual General Release ("Settlement Agreement") which has been furnished the Court for its *in-camera* review.

7. Under the Settlement Agreement the parties agreed to allocations made for wages to be reported to the Internal Revenue Service (IRS) on Form W2, with the balance to be reported to the IRS as other income on the appropriate Form 1099.

8. The allocation to W2 wages is calculated based on the period between Thomas' last paycheck on March 31, 2021, and her date of resignation on August 5, 2021, which the Court finds reasonable as attributable to lost wages income.

9. The parties respectfully request that the Court approve the Settlement Agreement including the allocation between W2 wage income and Form1099 other income as set forth in the Settlement Agreement.

WHEREFORE, the parties jointly request that the Court enter an order in the form attached.

Respectfully Submitted,

s/Melvin L. Vatz
Melvin L. Vatz, Esq.
Pa. I.D. #23655
1374 Terrace Drive
Pittsburgh, PA 15228
Phone:  412-391-3030
Fax:  412-207-3742
mvatz@vatzlaw.com
Attorney for Defendants


s/Howard M. Louik
Howard M. Louik, Esq.
PA ID# 21941
Louik Law Offices
750 Washington Road
Unit 705
Pittsburgh, PA 15228
howard@louiklaw.net


s/Irene Donna Thomas
*Pro Se*
Irene Donna Thomas, Esq.
Idt.esq@gmail.com
300 North Atlantic Ave
Pittsburgh, PA 15224